CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FOR ROANOKE
FEB 09 2006
JOHN F. CORCCRAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH CLARENCE LEE,<br>Petitioner, | )<br>) Civil Action No. 7:05cv00567<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| COMMONWEALTH OF VIRGINIA,<br>Respondent. | ) By: Jackson L. Kiser<br>) Senior U.S. District Judge |

Petitioner Kenneth Clarence Lee brings this 28 U.S.C. § 2254 action challenging his conviction for rape. Lee alleges that the evidence was insufficient to support his conviction, that his Fifth Amendment rights were violated during the trial, and that counsel provided ineffective assistance. This matter is before the court on the respondent's motion to dismiss. The court finds that Leer's claim regarding the sufficiency of the evidence lacks merit and, thus, dismisses that claim. Further, the court finds that Lee's Fifth Amendment claims and allegations of ineffective assistance of counsel are procedurally defaulted under independent and adequate rules of state procedure, and Lee has failed to demonstrate cause and prejudice capable of excusing those defaults. Therefore, the court finds those claims are unreviewable on federal habeas and grants respondent's motion to dismiss.

I.

Following extensive witness testimony and forensic evidence, a judge in the Circuit Court of Amherst County convicted Lee on one count of rape; he was sentenced to 20 years, of which 17 years suspended. During the trial, the victim testified that the appellant's penis penetrated her vagina without her consent. Furthermore, the prosecution presented evidence that a semen stain on victim's undergarments matched Lee's DNA. Although Lee testified that he had not had sex with the victim,

1

he claimed that the day before the alleged rape he and the victim engaged in masturbation. He further alleged the semen stain on the victim's undergarments was a result of him wiping himself with those undergarments, following that interaction. However, the trial judge found the victim's testimony to be credible and found Lee guilty.

Lee appealed his conviction to the Court of Appeals of Virginia, alleging that the evidence was insufficient to support his conviction and that his Fifth Amendment rights were violated during the trial. However, the court found that there was ample evidence on which to convict Lee and that his claims under the Fifth Amendment were defaulted pursuant to Rule 5A:18 of the Rules of the Supreme Court of Virginia; accordingly, his petition was denied on September 11, 2002. The Supreme Court of Virginia denied Lee's petition for an appeal as untimely on July 28, 2003. Lee then filed a petition for habeas corpus in the Supreme Court of Virginia alleging that counsel was generally ineffective at trial and by failing to file a timely appeal of his conviction. The court granted Lee a delayed appeal and dismissed all other claims of ineffective assistance, without prejudice to Lee's right to raise them in a subsequent habeas corpus petition. Lee then filed another appeal of his conviction to the Supreme Court of Virginia, but again it was denied for failure to file a timely notice of appeal. The court denied a petition for rehearing on this issue. Thereafter petitioner filed a second habeas petition in the Supreme Court of Virginia; however, in this petition he <u>only</u> alleged that counsel provided ineffective assistance by failing to properly file his appeal. Again, the court granted him another opportunity to appeal his conviction, but Lee's petition for appeal was refused on April 5, 2005. A subsequent petition for rehearing was denied on June 17, 2005. In his instant § 2254 motion, Lee claims that the evidence was insufficient to support his conviction, counsel provided ineffective assistance during his trial by failing to "object or defend" petitioner, and that his Fifth

2

Amendment rights were violated during the trial.

## II.

Lee claims that his conviction rests on insufficient evidence. When adjudicating a claim of insufficient evidence, federal courts must review the record in the light most favorable to the prosecution and deduce whether a rational trier of fact readily could have found the petitioner guilty beyond a reasonable doubt of the essential elements of the offense. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Conflicts in the evidence are resolved in favor of the prosecution. Id. at 319. In rendering a verdict, the court had before it the testimony of the rape victim, as well as forensic evidence which established that a semen stain on the victim's undergarments matched the petitioner's DNA. In light of this body of evidence, a rational trier of fact could have and did find Lee guilty beyond a reasonable doubt. Accordingly, I find this claim must be dismissed.

## II.

Lee also alleges that trial counsel provided ineffective assistance. The respondent argues that these claims are procedurally defaulted and, thus, barred from review on the merits in this court. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition without prejudice. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by the Court of

3

Appeals of Virginia, Virginia Code §17.1-411; in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme Court of Virginia, §17-1-406(B); or in a habeas petition filed directly in the Supreme Court of Virginia, §8.01-654. Whichever route petitioner chooses for each of his claims, he must give the state courts a fair opportunity to consider on the merits the same argument and the same factual support for each claim. See Anderson v. Harless, 459 U.S. 4, 6-7 (1982).

However, the presence of unexhausted claims in a federal petition does not require immediate dismissal of the claim or the petition as unexhausted if the petitioner currently has no available state court remedy. If it is clear that the state's law would now bar state review, exhaustion is not required, but federal review is precluded, absent a showing of either cause for the default and resulting prejudice or actual innocence. Teague v. Lane, 489 U.S. 288 (1989); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Under these principles, I find that Lee's claims of ineffective assistance are procedurally defaulted. Although Lee raised these claims in his first habeas petition filed in the Supreme Court of Virginia, the court dismissed those claims without prejudice as to Lee's right to bring them in a subsequent habeas petition. However, Lee did not raise these claims in his second petition.[1] Therefore, these claims are not exhausted as they were not represented to the Supreme Court of Virginia in Lee's second habeas petition. But if Lee filed a state habeas petition now raising these claims, the Supreme Court of Virginia would dismiss the petition, pursuant to Virginia Code §8.01-654(B)(2), as such claims were known to the petitioner at the time he filed his

---

[1] In his second habeas petition, Lee only alleged that he had been denied his right to appeal his conviction.

4

second habeas petition. And, as an unambiguous state procedural rule serves as an adequate and independent state law ground for procedural bar purposes[2], Lee's claims of ineffective assistance are barred from federal habeas consideration absent a showing of cause and prejudice or actual innocence. Murray, 477 U.S. at 495-96; Teague, 489 U.S. 288.

Lee has not demonstrated cause for his procedural default. Generally, a petitioner can demonstrate cause by showing that some "objective factor external to the defense" impeded counsel's ability to comply with a state procedural rule. Strickler v. Greene, 557 U.S. 263, 283 n.24 (1999)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1996)). Lee makes no explanation as to counsel's failure to include his ineffective assistance claims in his second habeas petition. However, even assuming counsel was ineffective for failing to include these claims in that petition, that alone is insufficient to establish cause. Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999).

Further, Lee has not presented any evidence as to actual innocence. To open the "actual innocence" gateway, Lee must demonstrate that in light of "new reliable evidence . . . that was not presented at trial" and all other available evidence, it is more likely than not that no reasonable juror would find him guilty. Schlup v. Delo, 513 U.S. 298, 324-37 (1995). In this instance, Lee has not provided any new evidence which supports his claim of innocence. Accordingly, I conclude that Lee fails to demonstrate cause or "actual innocence" so as to excuse his procedural default, and dismiss this claim. Schlup, 513 U.S. at 324-37.

---

[2]See O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996); Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999).

Case 7:05-cv-00567-JLK-mfu Document 15 Filed 02/09/06 Page 5 of 6 Pageid#: 172

## III.

Lee also purports that his Fifth Amendment rights were violated during the trial. The Court of Appeals of Virginia dismissed Lee's Fifth Amendment claims because counsel failed to raise this issue at trial and thus, failed to preserve the issue for appeal. Federal courts have found this procedural requirement to be an independent and adequate state law ground barring federal habeas review absent a showing of cause and prejudice or actual innocence. See Teague, 489 U.S. 288; Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999).

As noted above, Lee has not established cause and prejudice or actual innocence to excuse his default. And, although proof that counsel provided ineffective assistance at trial as defined in Strickland v. Washington, 466 U.S. 668 (1984), can serve as cause for default of a claim that could have been raised during trial, such claims of ineffective assistance must not themselves be defaulted. See Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). Here, as Lee's claims that trial counsel provided ineffective assistance are procedurally defaulted, those claims cannot now serve as cause to excuse the defaulted Fifth Amendment claims. Therefore, I find this claim must be dismissed.

## IV.

For the foregoing reasons, the court grants respondent's motion to dismiss.

**ENTER**: This 9th day of February, 2006.

Senior United States District Judge